# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN S. THOMPSON, | ) | CASE NO. 1:15-cv-02230 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | KATHLEEN B. BURKE |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

Having prevailed in obtaining a reversal and remand of the Commissioner's decision denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), Plaintiff Brian S. Thompson ("Plaintiff"), on behalf of his counsel Kirk B. Roose and Melissa Kunder,[1] now seeks an award of attorney fees in the amount of $10,506.00 pursuant to the Equal Access to Justice Act ("EAJA").  Doc. 24, pp. 3-4.   Plaintiff seeks an award of $183.88 per hour for a total of 56.7 attorney hours and $40.00 per hour for a total of 2.0 paralegal hours.  Doc. 24, pp. 3-4.

As explained below, the Court concludes an award of fees pursuant to the EAJA is warranted in this case at a rate of $182.25 per hour for attorney time and $40.00 for paralegal time but at a reduced number of hours than has been requested by Plaintiff. Therefore, the Court **GRANTS** in part and **DENIES** in part Plaintiff's Application for Attorney Fees Under the EAJA (Doc. 24) and awards Plaintiff EAJA fees in the amount of $7,822.08.

---

[1] Paralegal fees are requested for work performed by Diane J. Shriver.  Doc. 24.

## I. The EAJA Standard

The EAJA provides,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Pierce v. Underwood*, 487 U.S. 552, 556 (1988). Thus, a prevailing party in an action against the United States can recover fees and expenses, unless the United States' position was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Pierce*, 487 U.S. at 556.

Here, it is undisputed that Plaintiff is the prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (holding that a plaintiff is the prevailing party in a sentence four remand). The Commissioner does not dispute the issue of substantial justification and makes no mention of any special circumstances that would make an award of attorney fees unjust. Doc. 26. Thus, the issue remaining in dispute is the amount of attorney fees to be awarded.

## II. Reasonableness of Attorney Fees

In March 1996, Congress amended the EAJA by increasing the cap for hourly rates for attorney fees from $75.00 to $125.00 per hour. Pub. L. No. 104-121, 110 Stat. 847 (1996); *see Hawk v. Astrue*, No. 4:11-CV-196, 2013 WL 139799, at *1 (N.D. Ohio January 10, 2013). Now, the EAJA provides that the amount of fees awarded to a prevailing party where the United States' position is not substantially justified

> shall be based upon prevailing market rates for the kind and quality of the services furnished … attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A); *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 449-50 (6th Cir. 2009).

When a plaintiff requests an award in excess of $125 per hour, he "bear[s] the burden of producing appropriate evidence to support the requested increase." *Id.* at 450 (citing *Blum v. Stenson*, 465 U.S. 886, 898 (1984)). To justify an upward departure from the statutory cap, the following applies:

> a plaintiff should submit or base her request on the following: (1) the Cleveland-Akron CPI; (2) Plaintiff's attorney's affidavit stating the attorney's usual hourly rate and experience; (3) a time sheet showing hours worked on the case; and (4) either (a) a practice-specific, local fee survey; or (b) an affidavit or affidavits from other social security practitioners in the area describing their experience and hourly rate; or (c) an affidavit or affidavits from other social security practitioners describing their experience and indicating that the rates sought by plaintiff's attorney are in line with prevailing rates in the Cleveland area for services by lawyers of reasonably comparable skill, experience, and reputation.

*Hall v. Comm'r of Soc. Sec.*, No. 1:12-CV-01764, 2013 WL 6797663, at *3 (N.D. Ohio December 23, 2013).

Here, Plaintiff has submitted an affidavit from Roose along with affidavits from other social security practitioners setting forth their experience and/or statements that the rate sought by Roose is in line with rates sought in the area and time sheets for both Roose and Kunder. Doc. 24, p. 12; Docs. 24-4 through 24-7. Kunder attests that her usual hourly rate is $250.00 per hour (Doc. 24-1, p. 4) and her resume is attached to the application (Doc. 24-12) but she has not submitted her own affidavit setting forth her experience. Plaintiff relies upon the Midwest regional CPI rather that the Cleveland-Akron CPI to support Plaintiff's request for an hourly rate of $183.88. Doc. 24-3. The Commissioner does not challenge the hourly rate requested. However, as set forth above, this Court relies upon the Cleveland-Akron CPI. When calculating the rate using the Cleveland-Akron CPI, the result yields $182.25 per hour. The index for March 1996 was 150.9. The index for March 2016 was 219.970. The increase in the cost of living was

3

219.970 ÷ 150.9, or 1.458.  Multiplying 1.458 by the 1996 EAJA cap of $125 per hour yields $182.25.  Source: https://data.bls.gov/cgi-bin/dsrv?cu (Bureau of Labor Statistics).  Based on the foregoing, the Court finds that Plaintiff has provided sufficient evidence to warrant an increase in the hourly rate from $125.00 to $182.25.

### III. Reasonableness of Requested Hours

"A prevailing party is not entitled to recover for 'hours that are excessive, redundant, or otherwise unnecessary.'"  *Escobar v. Colvin*, 2015 WL 4041845, * 6-7 (N.D. Ohio July 1, 2015) (relying on *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  "The Sixth Circuit has previously noted that the number of hours expended in pursuit of most social security appeals is in the range of 'twenty to thirty hours,' . . . with forty hours topping out the high end of what has been described as an average range."  *Crim v. Comm'r of Soc. Sec.*, 2013 WL 1063476, * 4 (S.D. Ohio Mar. 14, 2013), *report and recommendation adopted*, 2013 WL 3367337  (S.D. Ohio July 5, 2013) (citing *Glass v. Sec'y of HHS*, 822 F.2d 19, 20 (6th Cir. 1987) and *Hayes v. Sec'y of HHS*, 923 F.2d 418, 420 (6th Cir. 1990)).  While each case must be looked at on an individual basis, the average range of hours generally spent on a social security appeal provides a "frame of reference" for assessing the reasonableness of an attorney fee request.  *Id.* at * 5.

Recognizing that there is no rule requiring that an EAJA fee award fall within the average number of hours typically expended in a social security appeal, where, as is the case here, the number of hours for which compensation under the EAJA is sought far exceeds the average range more careful scrutiny should not be unexpected. *Crim*, 2013 WL 1063476, * 5.

In support of the application for fees, Plaintiff contends that his case was not the typical or average case, citing to the fact that the administrative transcript totaling 1,950 pages was much longer than an average transcript, the case went to court twice so a prior court order had to

4

be considered, and counsel spent more time at the start anticipating the Commissioner's argument, which Plaintiff contends was worthwhile because Plaintiff's briefing resulted in a voluntary remand. Doc. 27, p. 8.

The Court agrees that the transcript in this case (Doc. 12) is longer than a typical social security appeal transcript. However, the fact that there was an earlier court proceeding relating to Plaintiff's claim does not make Plaintiff's case atypical and any EAJA fees to be awarded in this case relate only to the proceedings in this case, not to an earlier court proceeding.

Plaintiff contends that four errors were raised before the Appeals Council and when preparing the brief on appeal Kunder identified an additional five arguments for appeal. Doc. 24, p. 5. Roose then spent time narrowing those nine possible issues down to the three arguments presented in Plaintiff's brief. *Id.* The issues raised by Plaintiff in his appeal are not uncommon in social security appeals, i.e., arguments regarding evaluation of medical opinion evidence and accounting for limitations such as strict production quotas and difficulties in concentration, persistence or pace. Doc. 16. Furthermore, the three arguments are similar to those raised before the Appeals Council. *Compare* Doc. 12, Tr. 866-870 *with* Doc. 16. Also, a review of the billing records reflects that Roose and Kunder have requested EAJA fees for work that was duplicative, not reasonable and/or was excessive. For example, on February 4, 2016, Kunder reviewed testimony and opinion evidence. Doc. 24, pp. 7-8. On March 2, 2016, Roose performed the same or very similar work, i.e., "review details of VE testimony and medical opinions . . ." Doc. 24, p. 6. On March 1, 2016, Roose spent time reviewing and editing Kunder's work. Doc. 24, p.6. Similarly, on March 3, 2016, Roose billed for time narrowing and rewriting arguments that had already been reviewed and researched by both Roose and Kunder. Doc. 24, p. 7.

Based on the foregoing, the Court finds that the transcript in this case was longer than average and some of the time billed by Roose consisted of his own research and drafting. *See* Doc. 24, pp. 6-7 (portions of March 2, 2016, and March 3, 2016, time entries). However, the Court also finds that the case was not unique or significantly complex and there were instances of overlap and/or duplication of work performed by the two attorneys.

Accordingly, upon consideration of the foregoing, the Court finds that a reduction of 15.5 hours, i.e., 50%, from Kunder's billing, is warranted to account for work that was duplicative, unnecessary or excessive. Thus, the Court reduces the total amount of Kunder's hours from 31 hours to 15.5 hours. Roose's 25.7 hours[2] are not subject to additional reduction. Accordingly, on Plaintiff's initial EAJA fee request, the Court awards $7,508.70 (41.2 hours x $182.25), plus $273.38 for 1.5 hours associated with preparation of the EAJA reply brief[3] for a total attorney fee award of $7,782.08.

Plaintiff requests 2.0 hours for work performed by appellate assistant Ms. Shriver at a rate of $40.00 per hour. Doc. 24, pp. 4, 13. The Commissioner argues that 1.4 hours of Ms. Shriver's time should be deducted because that time correlates to non-compensable clerical work. Doc. 25, p. 7. Courts within this District have allowed work performed by non-attorneys where such work is work traditionally performed by attorneys. *See Gunther v. Comm'r of Soc. Sec.*, 2013 WL 1891346, * 6 (N.D. Ohio May 6, 2013) (allowing recovery of assistant's time which included time reviewing emails). However, "purely clerical or secretarial tasks" are not compensable under the EAJA. *Id.*; *see also see Escobar*, 2015 WL 4041845, * 6-7. The Court finds that the bulk of the work performed by Ms. Shriver included receiving, copying and

---

[2] 1.8 of the 25.7 hours is associated with preparation of the EAJA application. Doc. 24-1, p. 2.

[3] The total time expended on the initial EAJA brief was 1.8 hours. Doc. 24-1, p. 2. Plaintiff seeks an award of an additional 5 hours of attorney time in connection with the filing of his Reply brief. Doc. 27, p. 10. The Court finds that 5 hours for time spent on the Reply brief is unreasonable.

6

mailing documents which is clerical in nature. Also, the Court notes that both Roose and Shriver billed time for conferring with each other regarding consent. Doc. 24-1, p. 1; Doc. 24-2. Upon consideration of the foregoing, the Court reduces Ms. Shriver's time by half and awards 1 hour of time at $40.00 per hour.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Application for Attorney Fees Under the EAJA (Doc. 24) and awards Plaintiff EAJA fees in the amount of $7,822.08.

Dated: February 16, 2017

KATHLEEN B. BURKE
U.S. Magistrate Judge